**Simon NASH, Plaintiff,**

**v.**

**Louis W. SULLIVAN, John A. Svahn, Donald J. Devine, Louis B. Hays, Philip T. Brown and Charles Leonard, Defendants.**

**No. CIV–78–281E.**

United States District Court,
W.D. New York.

March 26, 1990.

Simon Nash, Buffalo, N.Y., pro se.

Donald P. Simet, Asst. U.S. Atty., Buffalo, N.Y., and Brian J. Kennedy, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This *pro se* plaintiff is an Administrative Law Judge ("ALJ") with the Social Security Administration. He had brought this suit charging that the Secretary of Health and Human Services ("the Secretary") had impaired the decisional independence of its ALJs in violation of the Administrative Procedure Act ("the APA"), 5 U.S.C. § 551 *et seq.*, and has presently moved for an award of his attorney's fees and costs in bringing this action, contending that he is a prevailing party herein. *See* 28 U.S.C. § 2412(d). He has also moved to vacate the imposition of costs against him by the Clerk of this Court, in the amount of $4,134.58. *See* Bill of Costs, filed September 29, 1989 (endorsed by the Clerk of the Court).

Initially, the plaintiff's suit was dismissed for lack of standing. Memorandum and Order, dated June 4, 1979. The United States Court of Appeals for the Second Circuit reversed that decision, however, and remanded the case for further consideration. *Nash v. Califano* ("*Nash I*"), 613 F.2d 10 (2d Cir.1980). The appellate court held that "alleged inroads on ALJs' decisional independence is arguably within the zone of interests protected by the [APA]." *Id.*, at 14.

Following remand, the plaintiff filed an amended pleading re-alleging his prior claims along with an additional attack on the legality of the Secretary's policy of non-acquiescence in decisions of the lesser federal courts. The new claim was dismissed for lack of standing. Memorandum and Order, dated March 29, 1985. The remaining claims proceeded to a bench trial, after which they also were dismissed. Memorandum and Order, dated January 6, 1988. This Court's Judgment as to all the claims was thereafter affirmed on appeal. *Nash v. Bowen* ("*Nash II*"), 869 F.2d 675 (2d Cir.1989).

■ The plaintiff argues that he is a prevailing party within the meaning of the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412(d), because the appellate court held that he had standing to raise the decisional independence claims. *See Nash I, supra.* This contention is misguided. A party prevails for purposes of the EAJA if he succeeds on a significant issue which achieves some of the benefit sought in bringing the suit. *Hensley v. Eckhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Yet standing, while a *sine qua non* for, is not a benefit to be derived from federal litigation. A grant of standing does not reflect on the merits of the claims being sued upon.

■ The plaintiff further contends that he is a "prevailing party" with respect to the legitimacy of Secretary's having imposed production goals for ALJs.

The appellate court had in *Nash II* approved this Court's explanation that

"[a] minimum number of dispositions an ALJ must decide in a given period, provided this number is reasonable and not 'etched in stone' is not a prescription of how, or how quickly, an ALJ should decide a particular case. It does not dictate the content of the decision." 869 F.2d, at 680–681.

The plaintiff contends that this language, particularly the proviso that any production goals be "reasonable" and not "etched in stone"—*see ibid*—, was "precisely the *declaratory judgment* which the plaintiff was seeking." *See* Plaintiff's Memorandum in Support of Motion for Award of

Fees and Other Expenses, filed November 14, 1989, at p. 4.

The plaintiff's reasoning is again flawed. If truly, all he was seeking was a judicial advisory opinion on the state of the law his prosecution of this suit was undertaken in bad faith. The federal judiciary is not in the business of rendering counselling in the law.

■ With respect to the issue of reversal rates the plaintiff is likewise misguided. In *Nash II, supra,* the court states: "The Secretary's 'reversal' rate policy embodied in the 'Quality Assurance System,' however, is cause for concern. To coerce ALJs into lowering reversal rates—that is, into deciding more cases against claimants—would, *if shown,* constitute in the district court's words 'a clear infringement of decisional independence.'" (Emphasis added.) *Id.,* at 681. Plaintiff asserts that this statement by the appellate court "was precisely the *declaratory judgment* which the plaintiff was seeking." Plaintiff's Reply Memorandum in Support of Motions to Review Taxation of Costs and for Award of Fees and Expenses, December 14, 1989, at p. 5. Although the plaintiff may have sought such a statement, such does not bolster his efforts to gain an EAJA award. In order to collect under the EAJA one must be a "prevailing party." In this instance the plaintiff relies on *dicta* couched in an "if come" format to support his position as such party. Plaintiff's reliance is misguided due to the emphasized words— *viz.,* if shown. The plaintiff failed to show that the situation of which he complained existed, such failure being evidenced by the dismissal of the plaintiff's cause of action. *See Nash II.* The plaintiff cannot be considered a prevailing party.

■ The plaintiff seeks a review of the costs as imposed by the Clerk of this Court September 29, 1989 pursuant to Fed.R.

Civ.P. rule 54(d).[1] See Clerk's memorandum of that date regarding taxation of cost. The plaintiff does not single out certain items and claim that the costs are improper but instead, claims that he is exempt from payment. The thrust of his argument with respect to a review of the taxation of costs is that he was prosecuting this action in his official capacity as a representative of the United States Government—to wit, as an Administrative Law Judge since December 20, 1978—and therefore should not and cannot be personally taxed for costs, because the United States Government should bear the costs inasmuch as he claims to have been working on its behalf.

This argument, while ingenious, also must fail. 28 U.S.C. § 519 provides in pertinent part:

> "Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys and special attorneys * * * in the discharge of their respective duties."

The plaintiff does not claim to have been prosecuting this case by authority or on behalf of the Attorney General and he does not invite this Court's attention to some authorization by law of this prosecution. Instead he asserts that "this case is unique, since it was not prosecuted by the plaintiff in his personal capacity, but rather in his official capacity, as an Administrative Law Judge (ALJ)." Plaintiff's Memorandum in Support of Motion To Set Aside Taxation of Costs at 2, October 6, 1989.[2] Affording plaintiff such status would contravene 28 U.S.C. § 519 and severely limit the government's ability to proceed with a single voice and one unified position. By analogy see

---

**1.** In pertinent part the rule reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party * * *. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter the action of the clerk may be reviewed by the court."

**2.** Plaintiff erroneously assumes that he can appoint himself as a government attorney simply because he is suing the government as a government employee. He perhaps likens his situation to that of a corporate shareholder who, finding that the corporation is refusing to seek protection in the courts, initiates a derivative lawsuit. There is no such tenable analogy.

*United States v. Providence Journal Co.,* 485 U.S. 693, 108 S.Ct. 1502, 99 L.Ed.2d 785 (1988) which deals with 28 U.S.C. § 518(a) which, in turn, pertains to appearances by the government before the United States Supreme Court. The Court therein held that "Among the reasons for reserving litigation in this Court to the Attorney General and the Solicitor General is the concern that the United States usually should speak with one voice before this Court * * *." *Id.* at 706, 108 S.Ct. at 1510. This logic clearly applies to the case at bar.

The plaintiff did not bring this action under color or authority of the United States, he brought the suit as a private citizen, albeit as the incumbent in a governmental position, and therefore must bear properly taxed costs.

Accordingly, it is hereby ORDERED that the plaintiff's motions are denied.